## Mrs. J. K. Hauly *v.* R. Crozier et al.

*In matters relating to the interests of minors much discretion must be exercised by the Judge of the Second District Court, but a judgment of nonsuit only, should be rendered in a case where the representative of minors has improperly dispensed with the production of the proof necessary to establish a claim against them.*

APPEAL from the Second District Court of New Orleans, *Morgan, J.*
    *Semmes & Labat* and *J. McConnell*, for plaintiff and appellant.   *Collens & Wooldridge,* for defendants.

Merrick, C. J. This is an action for the partition of the succession of *James Hauly,* deceased. The facts set forth in plaintiff's petition are of a character somewhat extraordinary and induced the District Judge to render judgment in favor of the defendants, notwithstanding the plaintiff's right had been admitted in the deliberations of a family meeting, the answers of the defendants, and an agreement of counsel on file also signed by the tutors *ad hoc.*

It appears by the pleadings (if they are to be credited), that *James Hauly* and the plaintiff were married in Dublin, in Ireland, many years ago, the deceased then bearing the name of *Haulon;* that they had one child, who is now dead, issue of the marriage; that her husband abandoned her and left her in want; that she did not hear from him for seventeen years; that he then sent for her to come to this city; that he had after his arrival married another woman, *Joanna Griffen,* by whom he had three children, the minor defendants in this suit; that after the death of *Joanna Griffen,* he sent for petitioner, as above stated, and was married to her a second time in this city. She claims a partition of the estate with the children of *Joanna Griffen.*

The counsel for the defendants state in this court, that the reason why they did not put at issue the allegations of plaintiff's petition, was that the parties were satisfied that the plaintiff had abundant evidence to prove her marriage with *Hauly* in Ireland, and it would be useless to controvert it.

We think in a large city like this, much caution must be exercised by the Judge of the Second District Court in matters of this kind, and it is his duty to see that the estates of minors and orphans are not wasted and dilapidated. But in this instance, whatever may have been his suspicions, instead of rendering a final judgment against the plaintiff, he ought to have ordered a new trial and re-instated the case upon the docket. With the admissions and pleadings in this case, a final judgment could not be rendered against the plaintiff.

The appellants aver that they only desire an opportunity of exhibiting their testimony. To this they are clearly entitled.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that this case be remanded to the lower court for a new trial and further proceedings according to law; the defendants paying the costs of the appeal.